UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MICHAEL A. NORTON,            )
                              )
    *Plaintiff*          )
                              )
v.                            )   No. 1:20-cv-00030-JAW
                              )
UNIVERSITY OF MAINE-ORONO     )
PHYSICS DEPARTMENT, et al.,   )
                              )
    *Defendants*         )

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND RECOMMENDED DISMISSAL OF THE CASE**

Plaintiff Michael A. Norton, doing business as Ultradata DNA Apps & Sciences, sues the University of Maine-Orono Department of Physics, John Thompson, chair of the Department of Physics and a principal investigator, and University of Maine Police Department Officers Mitchell and Curtis, whose first names he does not provide, in connection with a National Science Foundation ("NSF") award in the amount of $282,066 to the Department of Physics. *See* Complaint for a Civil Case ("Complaint") (ECF No. 1) at Page ID ## 1-4. I grant the plaintiff's request for leave to proceed *in forma pauperis* but recommend that the court dismiss the action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

    **I.  Application To Proceed** *in Forma Pauperis*

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). In his motion to proceed *in forma pauperis*, the plaintiff declares under penalty of perjury that his gross income is $783 a month, he has less than $1,000 in a checking or savings account, he has URLs with a listed value of more than $1,000, and he owes $93,000 to a Department of Education marketing

1

company.  *See* Application to Proceed in District Court without Prepaying Fees or Costs ("IFP Application") (ECF No. 3).  These financial circumstances entitle him to proceed *in forma pauperis*.

## II.  Section 1915(e)(2)(B) Review

### A.  Applicable Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action.  When a party is proceeding *in forma pauperis*, however, "the court shall dismiss the case at any time if the court determines[,]" *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. United States Dist. Court S.D. Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").[1]

When considering whether a complaint states a claim for which relief may be granted, a court must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts

---

[1] Section 1915(d) was subsequently renumbered to section 1915(e).

to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim[,]" *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner in which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As noted, the statute that provides for waiver of the filing fee also requires the court to determine whether the plaintiff's case may proceed. In other words, the plaintiff's complaint must be dismissed if the court finds it to be frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In this regard, a *pro se* plaintiff's complaint must be read liberally. *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002).

### B. Factual Background

The subject matter of the plaintiff's complaint is NSF Award No. 1912087 in the amount of $282,066, with a start date of September 1, 2019, for "Beyond Procedurals: A Research-Based Approach to Teaching Mathematical Methods in Physics." Complaint ¶ II(A). Under the heading, "The Amount in Controversy," the plaintiff complains, "Novel math is not being updated along with the $282,066 Award received by this community." *Id*. ¶ II(B)(3). The plaintiff describes his "Statement of Claim" as follows:

> National Cancer Institute appropriates $5 billion annually to fight cancer. Plaintiff in 2015 calculated a prime weapon in that fight, a system of measure known as

3

> Magnetic Resonance. This math is the motivation behind the Defendant's Award by NSF, which is not appropriated legally, ethically or in non-discriminatory practice upon the plaintiff.

*Id*. ¶ III. The plaintiff describes the relief sought as "$282,066 – damages to the students & researchers for a math method failing to show the math in fact." *Id*. ¶ IV. He adds: "$ Unknown amount of SUM of salaries of gang of Bangor Police Officers corroborating slanderous and libelous defamation and intimidation against the plaintiff between summer 2018-Present." *Id*. He lists those officers as Detective Burns, Officer Spencer, Officer Alvarado, Detective Brooker, Officer Gibbs, and Officer Ireland. *Id*.

### C. Discussion

As a threshold matter, the plaintiff's complaint fails to state a claim as to which the requested relief, damages in the sum of $282,066, can be granted because all of the named defendants – the University of Maine-Orono Department of Physics, John Thompson, in his capacity as the chair of the Department of Physics and a principal investigator, and Officers Mitchell and Curtis, in their capacities as University of Maine Police Department officers – are immune from suit for damages.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Wiley v. Vea*, Civil No. 19-00195 JMS-WRP, 2019 WL 3225703, at *7 (D. Haw. July 17, 2019) (citations and internal quotation marks omitted). "State universities and university officials sued in their official capacities are therefore entitled to Eleventh Amendment immunity from a suit for damages." *Id*. *See also, e.g., Benson v. Univ. of Me. Sys.*, 857 F. Supp. 2d 171, 180-81 (D. Me. 2012) (holding that, while Eleventh Amendment barred plaintiffs from maintaining an Age Discrimination in Employment Act ("ADEA") claim against the University of Maine, regardless of the relief sought,

they could "proceed under the ADEA – for injunctive relief only – against the University's chancellor").

While the plaintiff alleges, in a section of his complaint detailing the relief he seeks, that several Bangor police officers "corroborat[ed] slanderous and libelous defamation and intimidation against [him][,]" Complaint ¶ IV, those officers are not named defendants, *see id*. ¶ I(B).[2]

### III. Conclusion

For the foregoing reasons, I **GRANT** the plaintiff's application to proceed *in forma pauperis* and recommend that the court **DISMISS** his complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) because it seeks monetary relief from defendants who are immune from such relief and fails to state a claim as to which relief can be granted.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum,*

---

[2] Even if the Bangor officers were named defendants, I would recommend dismissal of this suit. The plaintiff fails to affirmatively allege facts that identify the manner in which the Bangor officers subjected him to a harm for which the law affords a remedy, as required by *Iqbal*. *See Waterman v. Paul G. White Interior Sols.*, 2:19-cv-00032-JDL, 2019 WL 5764661, at *6 (D. Me. Nov. 5, 2019) (plaintiff failed to state claim for defamation pursuant to Maine law when, with respect to one set of statements, he did not allege a publication to third party and, with respect to another set, relied on a vague allegation that defendant had "'documented many lies'" and failed to set forth facts indicating that the statements were false). Furthermore, even if the plaintiff had stated a claim for defamation against the Bangor police officers, I would recommend that the court decline to exercise supplemental jurisdiction over that pendent state-law claim. *See, e.g., Keenan v. Int'l Ass'n of Machinists & Aerospace Workers*, 632 F. Supp. 2d 63, 72-73 (D. Me. 2009) (declining without prejudice to exercise supplemental jurisdiction over plaintiff's state-law claims for false light invasion of privacy, defamation, and intentional infliction of emotional distress after granting summary judgment in defendants' favor on federal claims).

*within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 20th day of March, 2020.

<u>/s/ John H. Rich III</u>
John H. Rich III
United States Magistrate Judge